UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KEVIN SHAWN ROBERTSON,

        Defendant.

Case No.: 22-cr-20460

Hon. Shalina D. Kumar

_____

**DEFENDANT'S SENTENCING MEMORANDUM**
_____

        Defendant, KEVIN S. ROBERTSON, through counsel, Bryan J. Sherer, states the following for the Court's consideration at sentencing:

        Mr. ROBERTSON is before the Court for sentencing after pleading guilty pursuant to a Rule 11 Plea Agreement to Count 1., False Statements during Purchase of a Firearm, in violation of 18 U.S.C. § 922(a)(6).

        The Presentence Report (hereinafter "PSR") calculated a guideline range of 10 to 16 months, based on an offense level of 12 and criminal history category of I. Both parties agree with the guideline range calculation.

Mr. ROBERTSON submits this memorandum to request a 10-month downward variance under his advisory sentencing guideline range, and the imposition of a probationary sentence for the reasons stated herein.

## DISCUSSION

Under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), the Court must evaluate several factors when fashioning an appropriate sentence. The initial starting point for this Court is to correctly calculate the applicable guideline range. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007). After an accurate accounting of the sentencing guideline range the Court must hear each party's argument as to the appropriateness of its proposed sentence. Fed. R. Crim. P. 32(i)(1)(C). The Court must then look to the sentencing statute, 18 U.S.C. § 3553(a), to find support for the sentences advocated by the parties. After thorough consideration of the arguments advanced by the parties, an analysis of the § 3553(a) factors, and the advisory guideline range, the Court must impose a sentence that is "sufficient, but not greater than necessary" to comport with the statute.

## 18 U.S.C. § 3553(a) Factors

**A. § 3553(a)(2)(A): the Seriousness of the offense.**

The seriousness of Mr. Robertson's crime is reflected by the statutory maximum penalty—a 10-year felony. It is a Class C Felony. His crime is not violent, nor did it require the use of a weapon to facilitate its commission.

### B. § 3553(a)(3): the kinds of sentences available.

The maximum term of imprisonment is ten years under 18 U.S.C. § 922(a)(6). A subsequent term of supervised release may be imposed of not more than three years. 18 U.S.C. §3583(b)(2). Mr. Robertson is statutorily eligible for a probationary term of not more than five years. 18 U.S.C. §3561(c)(1). Mr. Robertson's advisory sentencing guideline range is 10 to 16 months, based on an offense level of 12 and criminal history category of I. PSR ¶ 55.

### C. § 3553(a)(5): any pertinent policy statement.

In enacting the U.S. Sentencing Guidelines, Congress has directed that the Commission "shall insure that the guidelines reflect the general appropriateness of imposing <u>a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense</u>, and the general appropriateness of imposing a term of imprisonment on a person convicted of a crime of violence that results in serious bodily injury," 28 USC 994(j). (<u>emphasis added</u>) Here, although he is not a first time offender Mr. Robertson's crime is not violent, which is what Congress envisioned by pronouncing its policy statement that prison is not appropriate in certain and limited circumstances.

### D.  § 3553(a)(1):  Nature of the offense, and Mr. Robertson's history and characteristics.

Reselling guns is not illegal, which is what Mr. Robertson did in this case.  In Michigan, under state law the age limit to resell a gun is limited to the purchaser being 18 years of age.  However, under federal law the age limit was increased by Congress to the purchaser being required to be at least 21 years of age.  And, recently one federal court has struck down a federal law that blocks the sale of handguns to buyers under the age of 21, ruling that the federal law's prohibition violates an individual's constitutional right to possess firearms.[1]  Here, Mr. Robertson's crime is that he purchased a total of six firearms from a federal firearm licensed gun dealer not for himself but others that are under the age of 21.

With regard to Mr. Robertson's personal history, he is 61 years old and has one prior criminal conviction for delivery of marijuana from 25 years ago, for which he was sentenced to a probationary term and successfully completed it. PSR ¶ 29.  That prior conviction has been expunged. *Id.*  He is married to his wife, Mrs. Dianne Robertson, of more than 24 years. PSR ¶ 38.  Mr. Robertson has no mental health or substance abuse issues. PSR ¶ 44, 46.  In terms of his health, he underwent heart bypass surgery in 2018 and has been diagnosed with Type 2 Diabetes for the past 20 years. PSR ¶ 40-41.

---

[1] *See attached*, Exhibit 1:  John Corey Fraser v. ATF, E.D.Va, No. 22-cv-00410.

4

Mr. Robertson graduated high school in 1980 and has work experience in factories and lawn care. PSR ¶ 48-52, 71. He is a lifelong resident of Michigan, living mostly near or in the Flint area. More important is that, Mr. Robertson is very remorseful for his conduct and during the presentence investigation stated, "I am a good person. I have had my ups and downs. I do not believe in taking from anyone[.] I regret what I have done because wrong is wrong." PSR ¶ 18. In a similar vein, Mr. Robertson has also written the court to express his remorse.[2] Lastly, Mr. Robertson has strong support in the community and several individuals have written this Court describing his positive character.[3]

### E. § 3553(a)(2): the need for the sentence imposed—

Mr. Robertson asks this Court to sentence him to a probationary term—the bottom of his advisory guideline range is 10 months. With respect to the purposes of sentencing outlined in §3553(a)(2)(A) - (D), such sentence Mr. Robertson argues would still reflect the seriousness of his crime, afford deterrence, and also protects the public. Mr. Robertson argues there is not an overwhelming need to impose a prison sentence because of his age, lack of prior criminal history, and he has committed a non-violent offense. An offense that did not break state law, but rather federal law. Further, at least one federal court has called into question Congress'

---

[2] *See attached*, Exhibit 2: Mr. Robertson's Letter

[3] *See attached*, Exhibits 3-9: Letters from friends and family.

5

power to limit individual constitutional rights which are also at issue in Mr. Robertson's case.

The seriousness of the offense is a factor for this Court's consideration in fashioning an appropriate sentence. §3553(a)(2)(A). Mr. Robertson acknowledges that his offense is serious, but there are varying degrees of seriousness on a continuum. Mr. Robertson is not a threat to the public due to his age; he is 61. Studies have shown that recidivism significantly diminishes with age. In addition, his last visit to the criminal justice system was almost a quarter of century ago, and therefore, Mr. Robertson does not present a future threat to the public due to recidivist behavior. §3553(a)(2)(C). Mr. Robertson needs medical care due to his health needs, in which the continuity and quality of care would be best served in the community and is less costly than imprisonment. §3553(a)(2)(D).

In sum, Mr. Robertson has committed a non-assaultive offense. At 61 years of age it is highly unlikely that he will be involved in the court system again. His last offense, which was expunged, occurred over 24 years ago. He has a healthy marriage of almost the same amount of time and by all accounts has led a law-abiding life until this case. He is a productive member of the community, and this Court should allow him to continue to be present in the community. In balancing the seriousness of the offense, affording deterrence to both himself and others from similar conduct, and the need to protect the public, when weighed against the

individual characteristics of Mr. Robertson tilts in favor of a more lenient punishment due to the aforementioned mitigating circumstances.

## CONCLUSION

In conclusion, Mr. Robertson requests a 10-month downward variance because of his lack of criminal history and his age. He is not a future threat to others. His crime is not violent, and recently one federal court has called into question the lawfulness of Congress' efforts to limit such individual rights guaranteed under the Second Amendment. Given the foregoing, a probationary sentence would be the most appropriate punishment and Mr. Robertson humbly asks this Court to consider his request for a downward variance. As discussed above, there are good reasons to grant his request.

Respectfully submitted,

s/ Bryan J. Sherer
Attorney for Defendant
Federal Community Defender
111 East Court St., Suite L-100
Flint, Michigan 48502
bryan_sherer@fd.org

Dated: June 5, 2023

## CERTIFICATE OF SERVICE

On June 5, 2023, I filed this document using the ECF system which will send notice of the filing to both the Assistant U.S. Attorney of record, and the U.S. Probation Officer who authored the PSR.

s/ Bryan J. Sherer